IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARIO DAY,**
      Plaintiff,

v.                                                                               Civil Action No. 3:21cv406

**SGT. P. WALKER, et al.,**
      Defendants.

## MEMORANDUM OPINION

Mario Day, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. The action proceeds on the Particularized Complaint. (ECF No. 7.) The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Day's claims and the action will be DISMISSED IN PART for failure to state a claim upon which relief may be granted and as legally frivolous.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a court accepts the plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). To survive dismissal for failure to state a claim, a plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*,

574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. DAY'S ALLEGATIONS AND CLAIMS

By Memorandum Order entered on October 29, 2021, the Court directed Day to file a particularized complaint. The Court explained that, in his initial Complaint, Day failed to identify the constitutional right that was violated by the defendants' conduct. (ECF No. 6, at 1.) The Court also warned Day this his allegations were terse and conclusory and failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. Day filed a Particularized Complaint; however, it once again fails to identify a constitutional right violated and contains merely terse allegations against most of the defendants. Day alleges that Sgt P. Walker violated his rights by sexually assaulting him and that Cpt. C. Pickens, Lt. Jenkins, Major Latham, Cpt. Smith, Sgt. Biggerstaff, Lt. Gotell, and Sgt. J. Woods committed perjury and retaliated against him with respect to the incident. (ECF No. 7, at 1–3.)[1] Day also alleges the following:

> All eight officers worked for the Henrico County Sheriff's Office at the times I claimed the offenses happened.
>
> 1. On November 1, 2019, Sgt. [P.] Walker came into the pod and accused several inmates including me of gambling. We were playing poker, so she proceeded to search us [and was] looking for poker chips (playing cards). When she got to me, she made a comment and I quote, "It's no way you are hung like that" and then patted in my private area. I'm accusing Sgt. P. Walker of sexual assault.
>
> 2. On November 1, 2019, I filed a grievance about the situation that occurred.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, spacing, and punctuation and omits the emphasis in the quotations from the Particularized Complaint.

3

It was then forwarded to internal affairs officer Lt. Jenkins. She interviewed Sgt. P. Walker and I and watched the videotape of the incident, and she still came to the conclusion I wasn't sexually assaulted after seeing me actually get touched by Sgt. P. Walker. By Lt. Jenkins being an officer of the law and seeing me get sexually assaulted, but said I wasn't, I'm accusing Lt. Jenkins of perjury.

3. On December 13, 2019, I received an institutional charge for making false statements by Sgt. J. Woods. Lt. Gotell oversaw the charge. In order to write this charge, the deputies had to view the videotape. I was found guilty by the hearing officer at the time by Sgt. Biggerstaff. Sgt. Biggerstaff stated that I wasn't touched at all by Sgt. P. Walker. I appealed the decision and Cpt. Smith and Major Latham agreed with Sgt. Biggerstaff. As officers of the law who took a[n] oath, I'm accusing Sgt. J. Woods, Cpt. Smith, Lt. Gotell, and Major Latham of perjury.

4. I received several retaliatory institutional charges and was denied mental health treatments. That's why I'm asking for relief for pain and suffering. Cpt. Pickens, Lt. Jenkins, Major Latham, Cpt. Smith, Sgt. Biggerstaff, Lt. Gotell, and Sgt. J. Woods saw what happened on the videotape and chose to ignore it or make statements that weren't true, and as officers of the law who took a[n] oath. Not only did those seven officers I just name[d] commit perjury, they also aided and abetted Sgt. P. Walker.

5. I've been sexually assaulted [and] threatened by Cpt. Pickens to not keep speaking about the incident, receive[d] retaliatory institutional charges, and was denied the proper mental health treatment because officers tried to cover up the wrongdoing of a fellow officer. So, in my prayer of relief, I'm asking for the monetary value of 1,000,000 dollars.

(*Id.* at 1–3.)

### III. ANALYSIS

#### *A. Alleged Sexual Assault*

As explained previously, Day never identified a particular constitutional right that he believes the defendants violated. Nevertheless, the Court generously construes Day to argue that when Sgt. P. Walker allegedly sexually assaulted him, she subjected him to cruel and unusual punishment under the Eighth Amendment.

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that

4

subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, an inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." *Quinones*, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive

5

a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

As a preliminary matter, allegations of verbal abuse and harassment by guards fails to state a claim of constitutional dimension. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Therefore, Sgt. P. Walker's statement suggesting that she believed Day was hiding evidence of playing poker in his pants, fails to state a constitutional claim.

In certain instances, sexual abuse by officers could state a claim for relief under the Eighth Amendment. *See Jackson v. Holly*, 666 F. App'x 242, 244 (4th Cir. 2016) (citations omitted); *Boddie v. Schieder*, 105 F.3d 857, 861 (2d Cir. 1997) (citations omitted) (explaining that "[s]exual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm"). But, "[t]o prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter, that the alleged abuse or harassment caused 'pain,' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citation omitted). The sum of Day's allegations about the sexual assault are as follows:

> On November 1, 2019, Sgt. [P.] Walker came into the pod and accused several inmates including me of gambling. We were playing poker, so she proceeded to search us [and was] looking for poker chips (playing cards). When she got to me, she made a comment and I quote "It's no way you are hung like that" and then patted in my private area. I'm accusing Sgt. P. Walker of sexual assault.

(ECF No. 7, at 1.) It is evident from Day's allegations that Sgt. P. Walker believed Day was hiding

6

evidence of the poker game in his pants. From Day's own statement of his claims, it is also clear that no one who watched the videotape of the incident saw Sgt. P. Walker touch Day. More importantly, Day fails to allege facts that would plausibly suggest that he suffered sufficiently severe injuries or that Sgt. P. Walker knew of and disregarded a substantial risk of injury to Day through her actions. Nevertheless, Day contends that Sgt. P. Walker inappropriately touched him and indicates that he was "sexually assaulted." (ECF No. 7, at 1.) Although the four corners of the Particularized Complaint cast doubt on Day's allegations, the Court, nevertheless, is constrained to conclude that Day has sufficiently alleged an Eighth Amendment claim against Sgt. P. Walker to survive the Court's screening obligations under § 1915(e)(2) and § 1915A. *Cf. Alvarez v. Davis*, No. 1:19cv34–FDW, 2019 WL 5616921, at *1–3 (W.D. N.C. Oct. 30, 2019) (finding inmate stated a claim for purposes of screening when he alleged that officers "sexually abused/assaulted" him by "rubbing his penis . . . [and] saying derogatory things").

### B. Claims Against Remaining Defendants

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). It is both unnecessary and inappropriate to engage in an extended discussion of Day's vague theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke*, 490 U.S. at 324)).

#### 1. *The Henrico County Sheriff's Office is Not a Person*

Day contends that "[a]ll eight officers worked for the Henrico County Sheriff's Office." (ECF No. 7, at 1.) It is unclear whether Day intends to name the Henrico County Sheriff's Office

7

as a defendant, however, to the extent that he so intends, the Henrico County Sheriff's Office is not a person under § 1983. *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (citations omitted) (explaining that a sheriff's office is "not a cognizable legal entity separate from the Sheriff in his official capacity" and cannot be sued under § 1983). Accordingly, any claim against the Henrico County Sheriff's Office will be DISMISSED as legally frivolous.

### 2. *Allegations of Perjury*

Day contends that Cpt. Pickens, Lt. Jenkins, Major Latham, Cpt. Smith, Sgt. Biggerstaff, Lt. Gotell, and Sgt. Woods committed perjury because they viewed the videotape and concluded that Day was not sexually assaulted. As an initial matter, the Court fails to discern how the defendants' actions could amount to perjury as it does not appear that any of them testified under oath in any official proceeding. Rather, it appears that Day simply did not like the defendants' conclusions that Sgt. P. Walker had not touched him, and that Day had lied about the incident. Even if the defendants' actions could somehow be considered perjury, Day fails to articulate, and the Court fails to discern, how this alleged perjury violated his constitutional rights or formed the basis for a viable claim under § 1983. *See Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (explaining that a naked allegation of perjury failed to amount to a viable claim under § 1983 and failed to "give[] rise to a private right of action absent a civil rights violation"). Accordingly, any "perjury" claims will be DISMISSED for failure to state a claim upon which relief may be granted and as legally frivolous.[2]

---

[2] To the extent that Day faults the defendants for their role in the grievance, hearings, or appellate process, which he characterizes as "aiding and abetting" Sgt. P. Walker, he fails to state a claim upon which relief may be granted. Day's allegations are simply too vague to support a claim that the defendants had any involvement in the deprivation of his rights. *Cf. DePaola v. Ray*, No. 7:12cv139, 2013 WL 4451236, at *8 (W.D.Va. July 22, 2013) (observing that "a superior's after-the-fact denial of a grievance falls far short of establishing § 1983 liability" (citing *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006))).

8

### 3. *Retaliation*

Day also vaguely suggests that he "received several retaliatory institutional charges." (ECF No. 7, at 2.) From his Particularized Complaint, it is not at all clear why Day received several charges, why he believes that they were retaliatory, and which of the defendants he believes retaliated against him. At most, Day contends that on November 1, 2019, the day of the alleged sexual assault, he filed a grievance that was later determined to be unfounded after an investigation by Lt. Jenkins. (*Id.* at 1.) Day next states, that on December 13, 2019, he "received an institutional charge for making false statements by Sgt. J. Woods," and that "the hearing officer . . . Sgt. Biggerstaff stated that [Day] wasn't touched at all by Sgt. P. Walker." (*Id.* at 2.) As discussed below, Day's allegations of retaliation are nothing more than bare assertions and fail to state a claim for relief.

Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition retaliatory in the sense that it responds to prisoner misconduct." *Cochran*, 73 F.3d at 1317 (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)) (some internal quotation marks omitted). "[P]laintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal . . . ." *Adams*, 40 F.3d at 74. Instead, a plaintiff must allege facts that plausibly show "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Id.* at 75. Day wholly fails to identify the constitutionally protected activity that he was engaged in. Nevertheless, as discussed below, the Court assumes that Day believed he was engaged in protected First Amendment activity when he filed a grievance.

To state a claim for retaliation in violation of the First Amendment, a plaintiff "must allege that (1) [he or] she engaged in protected First Amendment activity, (2) the defendants took some

9

action that adversely affected [the plaintiff's] First Amendment rights, and (3) there was a causal relationship between [the plaintiff's] protected activity and the defendants' conduct." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005) (citing *Suarez Corp. Indus. V. McGraw*, 202 F.2d 676, 686 (4th Cir. 2000)). As to the first factor, the United States Court of Appeals for the Fourth Circuit has held that inmates engage in protected First Amendment activity when they write grievances and file lawsuits. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 544–46 (4th Cir. 2017). With respect to the second factor, the determination as to whether a defendant's actions adversely affected the plaintiff's First Amendment rights is a fact-specific inquiry, which considers the actors involved and their relationships. *See Balt. Sun Co. v. Ehrlich*, 437 F.3d 410, 416 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has explained "adverse effect" as follows:

> First Amendment retaliation is actionable because "retaliatory actions may tend to chill individuals' exercise of constitutional rights." *ACLU of Md., Inc. v. Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993). Not all retaliatory conduct tends to chill First Amendment activity, however, *DiMeglio v. Haines*, 45 F.3d 790, 806 (4th Cir. 1995), and a plaintiff seeking to recover for retaliation must show that the defendant's conduct resulted in something more than a "de minimis inconvenience" to [his or] her exercise of First Amendment rights, *ACLU of Md.*, 999 F.2d at 786 n.6. Of course, conduct that tends to chill the exercise of constitutional rights might not itself deprive such rights, and a plaintiff need not actually be deprived of her First Amendment rights in order to establish First Amendment retaliation. *Id.*

*Constantine*, 411 F.3d at 500. "[A] plaintiff suffers adverse action" for the purposes of a First Amendment retaliation claim "if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Id.* (citations omitted).

As to the third factor – causation – a plaintiff must allege facts sufficient to show a causal connection between the First Amendment activity and the alleged adverse action. *See id.* at 501. "In order to establish this causal connection, a plaintiff in a retaliation case must show, at the very

least, that the defendant was aware of [his or] her engaging in protected activity." *Id.* (citing *Dowe*, 145 F.3d at 657). "'Knowledge alone, however, does not establish a causal connection' between the protected activity and the adverse action." *Id.* (quoting *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004)). There must also be circumstantial evidence, such as evidence that the retaliation took place within some "temporal proximity" of the protected activity, or direct evidence of a retaliatory motive. *Id.*; *see Hill v. Lappin*, 630 F.3d 468, 475–76 (6th Cir. 2010).

The only possible exercise of a protected First Amendment activity alleged by Day is that he filed a grievance complaining about the alleged sexual assault. *See Booker*, 855 F.3d at 544–46. It does not appear, however, that Day received institutional charges for exercising his protected right to file a grievance. Rather, Day was charged with making false statements about the alleged sexual assault and was found guilty. Thus, the institutional charges that he contends were retaliatory were not levied in response to the exercise of protected First Amendment activity, but for making false statements.[3] *See Adams*, 40 F.3d at 75 (explaining that plaintiff must allege "that the retaliatory act was taken *in response to* the exercise of a constitutionally protected right") (emphasis added). Day fails to allege facts that would plausibly suggest that there was a sufficient causal connection between his filing of a grievance and his receipt of institutional charges. Instead, Day's Particularized Complaint contains nothing more than a bare assertion that he was subject to retaliation. This is insufficient to state a constitutional claim of retaliation. *See Adams*, 40 F.3d at 74 (explaining that when a complaint "fail[s] to contain any factual allegations tending to support [a] bare assertion," the claim is "clearly baseless in fact"); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that "'naked assertions' of wrongdoing necessitate some 'factual

---

[3] It is also entirely plausible based on Day's allegations, that some of the institutional charges were for gambling and for possessing contraband poker cards and chips. However, the Court need not engage in speculation to determine that Day's retaliation claim is meritless.

enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557). Accordingly, Day's retaliation claim is DISMISSED for failure to state a claim and as legally and factually frivolous.[4]

## IV. CONCLUSION

In sum, the claims against the Henrico County Sheriff's Office, Cpt. C. Pickens, Lt. Jenkins, Major Latham, Cpt. Smith, Sgt. Biggerstaff, Lt. Gotell, and Sgt. J. Woods will be DISMISSED for failure to state a claim upon which relief may be granted and as legally and factually frivolous. The Eighth Amendment claim against Sgt. P. Walker will remain pending before the Court.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7 February 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[4] Day also asserts that he was "threatened by Cpt. Pickens to not keep speaking about the incident," and "was denied proper mental health treatment because officers tried to cover up the wrongdoing of a fellow officer." (ECF No. 7, at 3.) Day's allegations are too vague and lacking in factual support to plausibly state a viable constitutional claim against any of the defendants.