**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

MARIO DAY,
          Plaintiff,

v.                                                Civil Action No. 3:21cv406

SGT. P. WALKER, et al.,
          Defendants.

## MEMORANDUM OPINION

The plaintiff, a Virginia inmate proceeding *pro se* brings this action. By Memorandum Opinion and Order entered on February 7, 2022, the Court dismissed all of the plaintiff's claims except for an Eighth Amendment claim against Defendant Walker. The matter is before the Court on the plaintiff's failure to serve Defendant Walker within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m), the plaintiff had 90 days to serve Defendant Walker. Here, that period commenced on February 15, 2022. More than 90 days elapsed, and the plaintiff had not served Defendant Walker. Accordingly, by Memorandum Order entered on May 18, 2022, the Court directed the plaintiff, within eleven (11) days of the date of entry thereof, to show good cause why the action against Defendant Walker should not be dismissed without prejudice.

The plaintiff responded and claimed that he received the Memorandum Order directing service on Defendant Walker, but did not know he needed to do anything else and that he is limited

by his incarceration. (ECF No. 14, at 1.) By Memorandum Order entered on June 8, 2022, the

Court explained as follows:

> [T]he February 15, 2022 Memorandum Order to which Plaintiff refers clearly indicates that, "*Plaintiff* has ninety (90) days from the date of entry hereof to serve Defendant Walker." (ECF No. 10, at 1 (emphasis added).) That means it is Plaintiff's responsibility to provide an address where Defendant Walker may be served. The Marshal attempted service on Defendant Walker at the address that Plaintiff provided in the Complaint, but Defendant Walker could not be served at that address. At this juncture, Plaintiff has failed to provide an address where Defendant Walker may be served, as he must. Plaintiff's incarceration alone is not a valid reason for failing to serve Defendant Walker. *See Hogge v. Stephens*, No. 3:09CV582, 2011 WL 4352268, at *2 (E.D. Va. Sept. 16, 2011) (concluding that incarceration is not good cause or excusable neglect justifying a delay in service of process); *Jones v. City of Va. Beach*, No. 3:09CV754–HEH, 2011 WL 2678833, at *1–2 (E.D. Va. June 30, 2011) (concluding that plaintiff, despite his incarceration, remained responsible for serving defendants in accordance with Rule 4(m)).

(ECF No. 15, at 2.) Accordingly, the Court again directed the plaintiff, within eleven (11) days of

the date of entry thereof, to show good cause why the action against Defendant Walker should not

be dismissed without prejudice. (*Id.*)

The plaintiff has responded. He states in sum: "The reason the Defendant, SGT P. Walker

wasn't served at the address given is because, the Defendant does not work at that address

anymore. I don't know or have access to get the Defendant['s] home address so [he] could be

served." (ECF No. 16 (capitalization and punctuation corrected).) As explained above, the

plaintiff's incarceration alone if not a valid reason for failing to serve Defendant Walker. The

plaintiff's *pro se* status is also not sufficient to establish good cause. *Hansan v. Fairfax Cnty. Sch.*

*Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113

(1993)); *Jonas v. Citibank*, 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006). Rather, "[t]he court can

find good cause to extend the service deadline only if the plaintiff made 'reasonable and diligent

efforts to effect service' within the [90]-day period." *McCollum v. GENCO Infrastructure Sols.*,

No. 3:10cv210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (quoting *United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1378544, at *5 (E.D. Va. May 8, 2007)). Examples of good cause include situations in which a defendant evaded a plaintiff's attempts to perfect service, where a plaintiff attempted to, but could not, identify a defendant's address, and where there was evidence of settlement discussions between the parties. *Id.* (citing cases).

The plaintiff fails to demonstrate that he made any effort at all to try to obtain an address for Defendant Walker after he learned that Defendant Walker no longer worked at the facility. Thus, the plaintiff fails to show good cause for his failure to serve Defendant Walker. Furthermore, nothing submitted by the plaintiff gives this Court any indication that Defendant Walker will be properly served at any time in the future.[1] *See Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010) (dismissing defendants where plaintiff failed to serve defendants within the older 120-day period and did not suggest means for effecting service in the future); *Greene v. Neven*, No. 3:07cv474–LRH–VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010) (dismissing defendants where plaintiff failed to show good cause existed for a fifteen-month delay in service and failed to show "that he [would] be able to effectuate service . . . at any time in the future"); *see also Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants."). Thus, the plaintiff fails to show good cause for his failure to serve Defendant Walker. Accordingly, the claims against Defendant Walker and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

---

[1] The Marshal's return noted that the institution indicated that 'they [did] not have a forwarding address" for Defendant Walker. (ECF No. 12-1, at 1.)

Date: 22 June 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge